IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 3:14-CV-00554 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| DAIMLER TRUCKS NORTH AMERICA, LLC, | ) ) ) | COMPLAINT |
| Defendant. | ) ) ) | **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to April Holt ("Holt") who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or "Commission"), alleges that Defendant, Daimler Trucks North America, LLC ("Defendant"), discriminated against Holt by discharging her in retaliation for her complaint about what she reasonably believed constituted sexual harassment in violation of Title VII.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware corporation authorized to do business in the state of North Carolina, and the city of Mount Holly, North Carolina, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Holt filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about December 13, 2012, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a) when it terminated Holt in retaliation for engaging in a protected activity, as more fully set forth below.

8. Defendant employed Holt, who is female, as a "Temporary Summer – Truck Assembler" from May 1, 2012 through the end of September 2012. Based on Holt's

2

performance as a temporary employee, around October 5, 2012, Defendant hired Holt as a permanent employee in the position of Truck Assembler on the second shift, contingent upon Holt completing a forty-five (45) day probationary period.

9. During the relevant time period, Defendant had a policy that provides that a probationary employee will be evaluated twice during his/her probationary period to determine whether he/she will become a permanent employee. Defendant may decide at either the first evaluation, performed at 20 days of employment, or the second evaluation, performed at 40 days of employment, that a probationary employee should be released and should not become a permanent employee.

10. Holt began working as a permanent (probationary) employee at Defendant's Mount Holly, North Carolina manufacturing plant on or about October 15, 2012. On or about November 5, 2012, Holt received her first (20 day) evaluation, based upon which her employment was continued. Holt's fortieth (40th) day of employment was on or about November 24, 2012. Holt denies that Defendant ever gave her the second (40-day) evaluation.

11. On or about December 5, 2012, a male co-worker ("Co-worker") of Holt asked Holt if he could borrow her wrench. Holt was bent over a truck on the assembly line at the time, and the top of the wrench extended out of Holt's back pants pocket. Before Holt could respond, Co-worker reached fully into Holt's back pants pocket with a flat hand, and removed the wrench while rubbing his hand over Holt's buttocks. Holt became upset and told Co-worker not to do that again. Afterwards, Holt complained to her Team Leader that Co-worker had touched her buttocks. The Team Leader, in turn, relayed Holt's complaint to Defendant's Production Supervisor who then discussed the matter with Holt. The Production Supervisor thereafter requested that Co-worker apologize to Holt, which the Co-worker did.

12. According to Defendant, Defendant made the decision to discharge Holt on the next day, December 6, 2013. On Thursday, December 13, 2012, when Holt arrived at work she was told by Labor Relations Specialist ("LR Specialist") that she was being terminated for attendance issues during her probationary period.

13. Defendant discharged Holt on or about December 13, 2012 because she opposed what she reasonably believed constituted sexual harassment in violation of Title VII.

14. The effect of the practice alleged above has been to deprive Holt of equal employment opportunities and otherwise adversely affect her status as an employee because she engaged in a protected activity.

15. The unlawful employment practice alleged above was intentional.

16. The unlawful employment practice alleged above was done with malice or with reckless indifference to the federally protected rights of Holt.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against employees who oppose employment discrimination, make a charge of employment discrimination, or participate in an investigation of employment discrimination.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose unlawful discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make April Holt whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make April Holt whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, medical expenses, job search expenses, and any other pecuniary losses in amounts to be determined at trial.

E. Order Defendant to make April Holt whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay April Holt punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 8th day of October, 2014.

                                                Respectfully submitted,

                                                EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

                                                P. DAVID LOPEZ
                                                General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NW
Washington, D.C. 20507

s/ Lynette A. Barnes
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney

s/ Stephanie M. Jones
STEPHANIE M. JONES (GA Bar 403598)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6471
Facsimile: 704.954-6412
Email: Stephanie.Jones@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**